82,952-01

Abel Acosta - Clerk of Court
Court of Criminal Appeals
P.O. Box 12308 Capitol Station
Austin Tx 78711

Date: February 13, 2015

RE: W380-81424-08-HC

Enclosed is Applicant's Reply to the State's Response for writ of habeas Corpus to be file-stamped-dated and set before the Court for review with writ Complaints and Placed in file for review.
Respectfully Submitted

Todd E. Ross II 1631646
2661 FM2054 Tennessee
Colony Tx 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS
FEB 23 2015
Abel Acosta, Clerk

CAUSE NO: W380-81424-08-HC

EX PARTE          §     IN THE 380th DISTRICT COURT

TODD E. ROSS       §     OF COLLIN COUNTY TEXAS

       ⌐    APPLICANT'S REPLY TO STATES RESPONSE
           FOR WRIT OF HABEAS CORPUS

The Applicant files this reply to the State's Response to this Writ of Habeas Corpus and objects as follows:

## 1

The Applicant Plead Guilty of two counts indecency of a child by contact and attempted indecency with a child. He received two 20 year Sentences for the indecency charges and 10 Years for the attempted charge.

## 2.

On Application for writ of habeas Corpus. Applicant alleged an Illegal Sentence due to an erroneous cumulation of an attempted charge.

## 3.

The respondent's argument that the Applicant's reliance of Parfait v State 120 SW 3d 348 (Tex. Cr. App. 2003) is misplaced because Applicant failed to object to the erroneous cumulation before the Judge is without merit.

The Respondent holds that the Applicant agreed to the three charges to run consecutively and because there was a Plea bargain in this case the Parfait legal holdings do not apply.

However, Parfait was not the only Authority Applicant raised. The Applicant raised two Grounds, one for Illegal Sentence and trial error. Under the illegal sentence Applicant states that there are no Statutory or Constitutional Provisions to stack attempted charges. See Boykin v. State 818 Sw2d 782, 785 (Tex. Cr. App. 1991), and reasonable Jurist holds that an illegal sentence is one that is not authorized by law. Ex Parte Rich 194 Sw3d 508, 511.

So regardless if the Consecutive issue was agreed upon, does not make it legal. The State is trying to upset the order of Justice and its integrity by only addressing Applicant's Ground number two, without addressing Ground one which if he did would make his Procedural bar attack moot.

Applicant requests that this Court enter a denial of the States Procedural bar and grant habeas claims on its merits.
Respectfully Submitted

Todd E. Ross # 1631646
2661 FM 2054 Tennessee
Colony TX 75884